CITY OF SPRINGFIELD *vs.* DANIEL GAY & others.

Under *St.* 1863, *c.* 107, authorizing the city of Springfield to construct certain drains, the county commissioners have no authority or jurisdiction to revise or reconsider the determination of the city council, either on the subject of the extent of territory benefited by their construction, or the portion of the expense thereof to be borne by the city and by the owners of real estate respectively, or the nature or extent of the benefit which the real estate of an individual would derive from their construction. And an assessment by the assessors upon the real estate of an individual, founded upon a fair cash valuation thereof exclusive of buildings, will not be set aside by this court, although such real estate is **not** actually drained by the sewers, and is at a considerable distance therefrom.

BILL IN EQUITY by the city of Springfield, praying for a writ of prohibition, to direct Daniel Gay not to prosecute a complaint before the county commissioners for an abatement of a tax, and to direct the county commissioners not to sit for the hearing of the same.

At the hearing, before the chief justice, the following facts appeared: By *St.* 1863, *c.* 107, the city council of Springfield were authorized to construct one or more drains leading from suitable points on Garden Brook to Connecticut River, for the purpose of protecting private property and the streets of the city from damage by water during seasons of freshet; and, after the construction of any drain, to ascertain and determine the extent of territory benefited thereby, and what proportion of the expense thereof should be borne by the city and the owners of real estate respectively, and cause a notice thereof to be published for two weeks successively in the newspaper having the largest circulation in the city. Any person aggrieved by said determination, either as to the extent of territory benefited, or the division of the expense, might at any time within two months after such publication of notice apply for a jury, and thereupon such proceedings should be had as in the case of a jury called to act upon the laying out or discontinuance of highways; and any person neglecting so to apply for a jury should be concluded by said determination. And, after two months from the final determination of the city council, that portion of the expense which was to be borne by the owners of real estate within the district

adjudged to be benefited, should be equitably and ratably assessed upon such owners by the assessors of the city, and collected like other taxes; and any person aggrieved by the amount assessed upon him should be entitled to the remedies provided by Gen. Sts. *c.* 11, §§ 43–45.

A sewer was accordingly constructed from East Worthington Street to the river, and completed in June 1864. The city council determined the extent of territory benefited thereby, and that one third of the expense thereof should be borne by the city and two thirds by the owners of the real estate adjudged to be benefited thereby, a notice whereof was published for two days of each of two successive weeks in the Springfield Daily Republican, that being the newspaper having the largest circulation in Springfield. No application for a jury was made, and the assessors proceeded to assess two thirds of the expense to the owners of the real estate, upon a valuation (exclusive of buildings) substantially the same as that made for purposes of ordinary taxation, and conceded to be fair for those purposes. The tax set to the defendant Gay was $58.56. If the tax had been equally distributed upon the whole land assessed, according to the number of square feet, instead of according to the valuation, Gay's tax would have been much less. His land was at quite a distance from the sewer, and another sewer constructed by the city lay between his land and the East Worthington Street sewer.

Gay presented his complaint for an abatement of the tax to the assessors, who refused to abate the same; and he then presented a complaint to the county commissioners, praying for an abatement of the same, and representing that the tax was not equitably assessed, for the following reasons, the facts stated in which he offered to prove:

1. That the Worthington Street sewer affords no drainage whatever for his lot, nor for any of the lands in the vicinity of his lot. Its only possible benefit to his lot consists in relieving the brook of its surplus water.

2. That the overflow, which the sewer relieves, arose from defects and causes existing upon the line and north of Worthington Street.

3. That the raised sidewalks upon the south side of Worthington Street and the north side of Bridge Street served to protect the lands below, in a great measure, from the effects of such overflow, as also do all buildings and improvements upon the intervening space.

4. That a large and sufficient sewer had previously been constructed upon the line of Sanford and Elm Streets, for the cost of which his lot had been assessed and had contributed, while the land further north bore no part of the expense of its construction. Said Elm Street sewer affords ample drainage and protection for his said lot, the same being south of Elm Street.

5. That for the several reasons aforesaid the lot of the com plainant is not benefited by, and ought not to be assessed for, the construction of said Worthington Street sewer, as largely in proportion to the extent of its surface as the lands which are situated further north, and especially those upon and north of said Worthington Street.

6. That his lot is made to bear a higher valuation, in proportion to the amount of surface contained, than the greater part of the lands included in said district, such increased value arising from its location upon the principal street and in the most desirable locality for purposes of business, whereby the amount of tax assessed upon it is made the more disproportionate, excessive and inequitable.

7. That in point of fact his said lot has not been injured by overflow or want of drainage since the construction of the Elm Street sewer, and has not been benefited by the construction of the Worthington Street sewer.

The city duly appeared and objected to the right of the county commissioners to hear said evidence, or to review the action of the city council or assessors, except in determining whether Gay had been overrated in valuation; but the commissioners overruled said objection, and decided that they had authority and jurisdiction to abate the tax for the reasons set out in said statement; and after viewing the premises adjourned the hearing.

The case was reserved for the determination of the full court.

*N. A. Leonard,* for the plaintiffs, cited *Wright* v. *Boston,* 9 Cush. 233 ; *Downer* v. *Boston,* 7 Cush. 277 ; *Newburyport* v. *County Commissioners,* 12 Met. 211, 218; *Lowell* v. *County Commissioners,* 3 Allen, 546, 549, 550.

*J. Wells & A. L. Soule,* for the defendants.

BIGELOW, C. J. Under *St.* 1863, *c.* 107, authorizing the city of Springfield to construct certain drains, the county commissioners have no authority or jurisdiction to revise or reconsider the determination of the city council, either on the subject of the extent of territory benefited by the construction of said sewer, or the portion of the expense thereof to be borne by the city and by the owners of real estate respectively. The power to review the adjudication of the city council on these subjects is vested, by § 3 of the act aforesaid, exclusively in a jury, to be summoned in the mode provided by law for calling a jury to act on the laying out or discontinuance of highways. It was not competent, therefore, for the commissioners to consider the question whether Gay's land was benefited or not by the construction of the sewer.

Nor do we think it was within the authority conferred on the commissioners, under § 4 of said act, to go into an inquiry as to the nature or extent of the benefit which Gay's estate would derive from the construction of said contemplated sewer. The statute does not require that the assessments imposed on estates to defray the expense of building sewers should be assessed according to the benefits which each estate might receive from their construction. It prescribes no fixed rule or standard by which such assessments should be laid. The only limitation on the power of the assessors is, that they should be " equitably and ratably assessed." The rule or basis of the assessment is left entirely to the judgment and discretion of the assessors. Unless the mode of ascertaining the amount of the tax which each owner of property within the prescribed territory is to pay operates inequitably or disproportionately, the commissioners have no authority to abate the tax. Now it is not contended that the estate of Gay has not been fairly and justly valued by the assessors, relatively to other estates within the territory, or

that the tax-assessed upon it is disproportionate, when considered as an assessment on the value of his real estate in comparison with other estates which are also subject to the same assessment. Nor do any of the facts which he offered to prove tend to show that the rule of assessment adopted by the assessors was inequitable, or that it operated disproportionately. We can readily see that it would be difficult, if not impracticable, to make an assessment which would operate fairly and equally, based on an estimate of the benefits which each estate might derive from the construction of the sewer. These benefits would necessarily be conjectural and difficult of estimation, especially in relation to a territory which was not improved or occupied by buildings, and depending, as they must in great measure, on the nature of the structures which might be erected thereon, and the uses to which they might be appropriated. It seems to us that a more equitable and proportionate mode of assessment was adopted by the assessors. Certainly we cannot see that there was anything offered before the commissioners which tended to impeach the assessment as either inequitable or disproportionate.                              *Injunction to issue.*